```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CHRISTIAN D. MCLEAN           :       CIVIL ACTION
                              :
        v.                    :
                              :
RAYMOND J. SOBINA, et al.     :       NO. 07-3534

ORDER

AND NOW, this 20th day of December, 2007, upon consideration of McLean's petition for writ of habeas corpus (docket entry # 1), the Commonwealth's response (docket entry # 6), and Magistrate Judge Elizabeth T. Hey's report and recommendation (docket entry # 7) and the Court finding that:

(a) McLean has filed no objections to Judge Hey's report and recommendation;[1]

(b) Judge Hey's thorough Report and Recommendation finds first that McLean's claims are unexhausted because he sought no review of the Pennsylvania Board of Probation and Parole's action in the Pennsylvania Commonwealth Court;

(c) Unexhausted claims are barred by 28 U.S.C. § 2254(b)(1)(A);

(d) Judge Hey also finds, in the alternative, that McLean's claims are time-barred because they were filed more than five years after the Board's action;

(e) Although our Court of Appeals has never specifically found that AEDPA's one-year statute of limitations applies in challenges to administrative decisions, all but one of

---

[1] The deadline for such objections was December 12, 2007.

the courts of appeals who have addressed this question have found that it does, see <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063 (9th Cir. 2004); <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274, 278-79 (2d Cir. 2003); <u>Wade v. Robinson</u>, 327 F.3d 328, 331-32 (4th Cir. 2003); <u>Kimbell v. Cockrell</u>, 311 F.3d 361, 363 (5th Cir. 2002); <u>but see</u> <u>Cox v. McBride</u>, 279 F.3d 492, 493-94 (7th Cir. 2002);

  (f) We agree with Judge Hey that there is every reason to believe that, were our Court of Appeals to address the issue, it would find that the statute of limitations applies here;

  (g) Because, however, McLean's claims are clearly unexhausted, we need not base our ruling on that issue;

  (h) Similarly, while we agree with Judge Hey that the claim would also fail on the merits, we need not reach them because of McLean's failure to exhaust his state court remedial options;

  It is hereby ORDERED that:

  1. Judge Hey's report and recommendation is APPROVED and ADOPTED;

  2. McLean's petition for writ of habeas corpus is DENIED;

  3. McLean having made no substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

       4.    The Clerk of Court shall CLOSE this matter statistically.

                                                      BY THE COURT:

                                                      <u>/s/ Stewart Dalzell, J.   </u>